[Crim. No. 2211. Third Dist. Aug. 25, 1950.]

In re HENRY E. PAGE, on Habeas Corpus.

Thomas W. Olson, Jr., for Petitioner.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On August 9, 1943, an amended information was filed against petitioner in Riverside County, charging him with burglary, and with two prior convictions, to wit, assault with a deadly weapon and grand larceny, committed in North Carolina. He was found guilty of the substantive offense, admitted the two prior convictions, was adjudicated an habitual criminal and sentenced to life imprisonment. No appeal was taken.

In this proceeding it is urged by petitioner that the judgment against him, insofar as it adjudges that he is an habitual criminal should be amended, because at least one of the two prior convictions was not within the provisions of section 644 of our Penal Code. (*In re McVickers,* 29 Cal.2d 264 [176 P.2d 40].)

In support of petitioner's claim there have been filed in this court properly authenticated copies of the records of the North Carolina court in which his prior convictions were had, and upon these records it is conceded by respondent that one of the prior convictions was not available to support an adjudication of habitual criminality, the prior offense charged

as grand larceny having been shown to involve the taking of goods valued at but $25, and the sentence to have been to the county jail to work on the road.

It therefore follows that petitioner is entitled to have his sentence corrected to eliminate the adjudication of habitual criminality, and to be accorded the rights of one not so adjudged; and it is so ordered.

It does not follow, however, that petitioner is entitled to his present discharge nor does he so claim. The writ of habeas corpus heretofore issued is accordingly discharged, and petitioner is remanded to custody.

Peek, J., and Van Dyke, J., concurred.